UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| ANATOLY DAVYDOV, | : | |
| Plaintiff, | : | No. 2:19 Civ. 17628 (MCA) (SCM) |
| v. | : | **ANSWER OF SCANDINAVIAN AIRLINES SYSTEM** |
| SCANDINAVIAN AIRLINES SYSTEM a/k/a SAS, d/b/a SCANDINAVIAN AIRLINES OF NORTH AMERICA, INC., | : : | |
| Defendants. | : | |

---

Defendant SCANDINAVIAN AIRLINES SYSTEM ("SAS"), sued incorrectly herein as "SCANDINAVIAN AIRLINES SYSTEM a/k/a SAS, d/b/a "SCANDINAVIAN AIRLINES OF NORTH AMERICA, INC.," with a principal place of business at Frösundaviks Allé 1, Stockholm, Sweden, by and through its attorneys Condon & Forsyth LLP, for its Answer to the Complaint states upon information and belief as follows:

<u>AS TO JURISDICTION AND VENUE</u>

1.   Admits only that the Montreal Convention governs Plaintiff's claims and that Plaintiff traveled on SAS flight SK1748 on February 13, 2019, and otherwise denies the allegations contained in Paragraph 1 of the Complaint.

2.   Denies the allegations contained in Paragraph 2 of the Complaint.

3.   Admits only that SAS operates flights to the United States, and otherwise denies the allegations contained in Paragraph 3 of the Complaint.

4.   Admits only that SAS operates flights to U.S. airports, and otherwise denies the allegations contained in Paragraph 4 of the Complaint.

5. Denies the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies the allegations contained in Paragraph 7 of the Complaint.

## AS TO FACTUAL ALLEGATIONS

8. Admits only that SAS is a commercial air carrier in the business of air transport including international flights, and otherwise denies the allegations contained in Paragraph 8 of the Complaint.

9. Admits only that SAS employs flight crews responsible for the operation of its flights, and otherwise denies the allegations contained in Paragraph 9 of the Complaint.

10. Admits only that Defendant is responsible for the training, management, and supervision of its flight and cabin crews, and otherwise denies the allegations contained in Paragraph 10 of the Complaint.

11. Admits the allegations contained in Paragraph 11 of the Complaint.

12. Admits the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint, parts (a) through (f) inclusive, and otherwise refers all questions of law contained therein to the Court for a determination at the time of trial.

26. Denies the allegations contained in Paragraph 26, and otherwise refers all questions of law contained therein to the Court for a determination at the time of trial.

27. Denies the allegations contained in Paragraph 27, and otherwise refers all questions of law contained therein to the Court for a determination at the time of trial.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. This Court lacks personal jurisdiction over Defendant.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

29. Venue in this Court is inconvenient and this action should be dismissed to be heard outside of the United States pursuant to the doctrine of *forum non conveniens*.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

30. Venue in this Court is improper under 28 U.S.C. § 1391, and this case should therefore be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

31. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

32. Upon information and belief, the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 ("Montreal Convention"), and the rights of the parties in this action are exclusively governed by the provisions of said Montreal Convention.

33. Defendant is not liable to Plaintiff because Plaintiff's alleged injuries were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

34. Defendant repeats, reiterates and realleges each and every allegation in Paragraph 32 of this Answer with the same force and effect as if herein set forth in full.

35.     Pursuant to Article 33 of the Montreal Convention, the Court lacks subject matter (treaty) jurisdiction over Plaintiff's claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36.     Defendant repeats, reiterates and realleges each and every allegation in Paragraph 32 of this Answer with the same force and effect as if herein set forth in full.

37.     Pursuant to Articles 20 and 21 of the Montreal Convention and the Conditions of Carriage set forth in the relevant contract of transportation, Defendant is not liable to Plaintiff or, in the alternative, its liability is limited.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

38.     Upon information and belief, the alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom Defendant had no control at any time relevant hereto, and in the event Defendant is found liable to Plaintiff, which liability is expressly denied, Defendant will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Defendant hereby gives notice that it intend to raise issues concerning the law of a foreign country in this matter.

***

WHEREFORE, Defendant Scandinavian Airlines System demands a judgment dismissing the Complaint in its entirety or, alternatively, a judgment limiting its liability pursuant to the foregoing, together with the costs of the within action and all other relief which to this court may seem just and proper under the circumstances.

Dated: January 16, 2020

                         CONDON & FORSYTH LLP

By:    /s/ Marissa N. Lefland
        mlefland@condonlaw.com
        Bartholomew J. Banino (application for admission *pro hac vice* pending)
        bbanino@condonlaw.com

Times Square Tower
7 Times Square, 18th Floor
New York, New York 10036
Tel.: (212) 490-9100
Fax: (212) 370-4453

*Attorneys for Defendant*
*SCANDINAVIAN AIRLINES SYSTEM*

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                                           : ss.:
COUNTY OF NEW YORK  )

    Theresa Whitman, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York. That on the 16th day of January 2020 deponent served the within **ANSWER OF SCANDINAVIAN AIRLINES SYSTEM** upon:

    Brian J. Alexander
    Marc S. Moller
    Kreindler & Kreindler LLP
    750 Third Avenue, 32nd Floor
    New York, New York 10017

    *Attorneys for Plaintiff*

the address designated by said attorney for that purpose by depositing same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                           Theresa Whitman

Sworn to before me this
16th day of January 2020

Notary Public

ROBIN L. TODD
Notary Public, State of New York
No. 01TO6179283
Qualified in Westchester County
My Commission Expires December 17, 2023