

KREINDLER & KREINDLER LLP | 750 Third Avenue | New York, NY 10017-2725
office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

mmoller@kreindler.com
(212) 973-3447
vlesch@kreindler.com
(212) 973-3482

July 6, 2020

**VIA ECF**
Honorable Madeline C. Arleo
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK 4A
Newark, NJ 07101

                RE:    Request to File Sur-Reply on Motion to Dismiss
                        *Davydov v. Scandinavian Airlines System*
                        2:19-cv-17628-MCA-JAD

Dear Judge Arleo,

        We write on behalf of Plaintiff Anatoly Davydov and seek permission per Local Civil Rule 7.1(d)(6) for leave to file the attached proposed sur-reply to Defendant Scandinavian Airlines System's ("SAS's") motion to dismiss in light of the new authority and arguments raised in Defendant's reply filed on June 29, 2020. Specifically, Plaintiff's sur-reply would address the following issues:

(1) SAS ignores *Bostock v. Clayton Cnty.*, No. 17-1618, No. 17-1623, No. 18-107, 2020 WL 3146686, __ S. Ct. __ (June 15, 2020), decided by the U.S. Supreme Court on June 15, 2020, which controls matters of statutory (and therefore treaty) interpretation.

(2) Defendant has thoroughly undermined its *forum non conveniens* argument by its admission that the SAS flight crew refuses to cooperate and will not testify wherever the case is filed. Ole Schroder's declaration – as a practical matter – supports Plaintiff's Opposition to a *forum non conveniens* dismissal. There is no purpose to proceeding in Sweden given that the crews testimony will be unavailable.

(3) Defendant's Reply cited a number of new, and distinguishable cases that Plaintiffs can briefly address.

Since Your Honor has not yet indicated whether oral argument will be granted on this motion,[1] Plaintiff respectfully requests that this sur-reply be considered. Otherwise, Plaintiff will not have an opportunity to respond to the new facts and arguments raised by Defendant's reply or bring the important case law omitted by Defendant to the Court's attention. Granting leave to file a sur-

---

[1] Both Plaintiff and moving Defendant have requested oral argument.

reply here is consistent with District of New Jersey jurisprudence. *See, e.g.*, *In re Honeywell Int'l ERISA Litig.*, No. Civ. 03-1214 (DRD), 2004 WL 3245931, at *1 n. 5 (D.N.J. Sept. 14, 2004) (sur-replies are appropriate when later submissions add arguments that the Court may find persuasive); *see also Nat'l Utility Svc., Inc. v. Chesapeake Corp.*, 45 F. Supp. 2d 438, 445 (D.N.J. Apr. 14, 1999) (sur-reply appropriate when new arguments or authority are cited to which the opposing party should have an opportunity to respond in the interests of justice); *Portfolio Tech., Inc. v. Church & Dwight Co.*, 2006 WL 288082, No. Civ. A. 04-6340(JAG) (D.N.J. Feb. 6, 2006) (same).

We thank the Court for its consideration of Plaintiff's request and would be pleased to provide any additional information relevant to the Court's consideration of this request or to provide further information at oral argument, if any is granted.

> Respectfully submitted,
> KREINDLER & KREINDLER LLP
>
> By:   /s/ Vincent C. Lesch III
>        Marc S. Moller
>        Vincent C. Lesch

Enclosure

cc:   Marissa Lefland, Esq. (via ECF)
      Bartholomew Banino, Esq. (via ECF)
      CONDON & FORSYTH LLP
      *Counsel for Defendant Scandinavian Airlines System*