UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x

ANATOLY DAVYDOV,

                    Plaintiff,

      -against-

SCANDINAVIAN AIRLINES SYSTEM,

                    Defendant.

------------------------------------------------------------x

Civil No. 19-17628 (MCA) (JAD)

Motion Day: July 6, 2020
**Oral Argument is Respectfully Requested**

# PLAINTIFF'S SUR-REPLY IN RESPONSE TO DEFENDANT'S REPLY AND IN FURTHER OPPOSITION TO MOTION TO DISMISS

## **TABLE OF CONTENTS**

**INTRODUCTION**..................................................................................1

I.  **ARGUMENT** ...............................................................................1

    a.   **Defendant's Reply Tellingly Ignores the Rules Governing Statutory and Treaty Interpretation Squarely Addressed in *Bostock v. Clayton Cnty.*, In Which the Supreme Court Held That Unambiguous Statutes Should Be Applied As Written**......................1

    b.   **Given That Defendant's Key Witnesses, *i.e.*, The Flight Crew, Will Not Testify, the Issue SAS Now Raises Is Not a Basis For Dismissal On *Forum Non Conveniens* Grounds**.....................................................3

    c.   **Defendant's Reply Raises New and Distinguishable Case Law that Does Not Support Their Arguments Concerning How Article 33(2) of the Montreal Convention Impacts Personal Jurisdiction, or the Applicability of *Forum Non Conveniens***...............................................5

**CONCLUSION**...................................................................................7

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bintu v. Delta Airlines, Inc.*,
    2020 WL 3404925 (N.D. Ga. June 12, 2020) ........................................................6

*Bostock v. Clayton Cnty.*,
    2020 WL 3146686, __ S. Ct. __ (June 15, 2020) ...............................................1, 2

*Cordice v. LIAT Airlines*,
    2015 WL 5579868 (E.D.N.Y. Sept. 22, 2015) ....................................................6

*Khan v. Delta Airlines, Inc.*,
    2010 WL 3210717 (E.D.N.Y. Aug. 12. 2010) ....................................................6

*Seales v. Panamanian Aviation Co. Ltd.*,
    2009 WL 395821 (E.D.N.Y. Feb. 18, 2009) ......................................................6

*Tucker v. British Airways PLC*,
    2017 WL 6389302 (W.D. Wash. Dec. 14, 2017) ................................................5

**Other Authorities**

Convention for the Unification of Certain Rules Relating to International Carriage
    by Air, concluded at Montreal, Canada, opened for signature on May 28, 1999,
    reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27, 400-59, 1999 WL
    33292734 (1999). ........................................................................................ *passim*

Convention for the Unification of Certain Rules Relating to International
    Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137
    L.N.T.S. 11 (1934), reprinted in note following 49 U.S.C. § 40105 (1997) ........6

**Rules**

Fed. R. Civ. P. 12(b)(2) ...........................................................................................1, 4

## **INTRODUCTION**

Plaintiff Anatoly Davydov, in further opposition to SAS's Rule 12(b)(2) Motion to Dismiss, offers this Sur-Reply to Defendant's Reply served on July 6, 2020 because SAS raises factual and legal arguments that were not included in its initial motion papers and to point out that SAS completely ignores the highly relevant new U.S. Supreme Court authority, *Bostock v. Clayton Cnty.*, No. 17-1618, No. 17-1623, No. 18-107, 2020 WL 3146686, __ S. Ct. __ (June 15, 2020). The *Bostock* decision lends strong support to Plaintiff's assertion that Montreal Convention ("MC99")[1] Article 33(2) applies as its clear text provides and makes subject matter and personal jurisdiction over SAS in this court entirely proper. Furthermore, Defendant cites numerous cases for the first the time in its Reply that are factually distinguishable from the case at hand and of no assistance to adjudicating the issues now before this Court.

## I.      **ARGUMENT**

### a.  **Defendant's Reply Tellingly Ignores the Rules Governing**

### **Statutory and Treaty Interpretation Squarely Addressed in**

---

[1] Formally known as the Convention for the Unification of Certain Rules Relating to International Carriage by Air, concluded at Montreal, Canada, opened for signature on May 28, 1999, reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27, 400-59, 1999 WL 33292734 (1999).

***Bostock v. Clayton Cnty.*, In Which the Supreme Court Held That**

**Unambiguous Statutes Should Be Applied As Written**

Defendant's Reply omits any reference to *Bostock v. Clayton Cnty.*, 2020 WL 3146686, which endorses the textualism and purposivism arguments advanced by Plaintiff's Opposition. *Bostock* is squarely on point. It is beyond question that MC99 Article 33(2) is clear and unambiguous. Its words should therefore be accorded their ordinary meaning as written, and applied as written. *Id.* at *4. Justice Gorsuch made clear that "only the words on the page constitute law adopted by Congress and approved by the President." *Id.* While there is no textual ambiguity, the Article 33(2)'s clarity is underscored by the legislative history that attended its ratification. *See* Pl.'s Opp., p. 5-17, 24-26. *Bostock* leaves no doubt that "[t]he people are entitled to rely on the law as written, without fearing that courts might disregard its [statutes' and treaties'] plain terms based on some extratextual consideration." *Id.* at *14. In bringing this lawsuit in the United States and filing in this Court, Mr. Davydov has relied upon the terms of MC99 Article 33(2) as written, and as incorporated in SAS's own Conditions of Carriage without qualification. *See* Pl.'s Opp., p. 14-17. Plaintiff respectfully submits this recent decision by the Supreme Court controls the subject matter and personal jurisdiction analysis here, and Mr. Davydov's case meets all the jurisdiction requirements to allow this case to proceed. His principal and permanent residence at the time he was injured was and

remains the United States and SAS has the commercial presence here to support both subject matter and personal jurisdiction.

**b.**  **Given That Defendant's Key Witnesses, *i.e.*, The Flight Crew, Will Not Testify, the Issue SAS Now Raises Is Not a Basis For Dismissal On *Forum Non Conveniens* Grounds**

Defendant SAS's Reply places at issue whether Mr. Davydov's injuries are the result of an "accident" within the meaning of the MC99.  Ironically, not only is that not a Rule 12(b)(2) issue (and wrong as a matter of fact), but it is coupled with a representation that the crew members who operated the SAS flight in question refuse to testify in this case. *See* Def.'s Reply at 1, n. 1, & 12-13.  SAS then remarkably claims that those facts somehow support its *forum non conveniens* claims.  That makes no sense.  What SAS is really telling this Court is that they have no crew witnesses to counter Mr. Davydov's testimony wherever the case is tried.

Defendant's Reply and the Supplemental Declaration of Ole Schroder state that the relevant crew members have "refused to provide statements for use in this litigation, and refused to give consent to be named as witnesses." Def.'s Reply, p. 13, n. 13.  SAS has also voluntarily declared that these witnesses are not even located in the forum to which SAS seeks to have the case dismissed and re-filed in, namely Sweden.  The best description that SAS can provide of where these witness are located is "at least two members" of the crew "are based in Scandinavia" with the

rest "generally based in Europe." *See* Def.'s Reply at 12, n. 12.   Furthermore, nowhere does SAS provide any assurance that any witnesses it vaguely refers to would suddenly be willing to cooperate should the case be re-filed in Europe.   What purpose can there be to a *forum non conveniens* dismissal in this case other than to grossly inconvenience the Plaintiff?   That is precisely what MC99 Article 33(2) was designed to prevent.   Therefore, the factual inquiry into the circumstances which resulted in Mr. Davydov's injuries and their severity will be centered in the United States.

Another fact is noteworthy.   The SAS Motion to Dismiss was accompanied by the two declarations, *see* Lefland Decl., ECF Doc. No. 14-2, and Schroder Decl. ECF Doc. No. 14-3, neither of which referenced the CCTV videotape that supposedly recorded the event identified in the materials from Defendant's Initial Disclosures.   *See* Moller Decl., ECF Doc. No. 20-1 at p. 304 of 306.   Where is this recording?

The fact is that whatever proof SAS can muster to try to counter Mr. Davydov's claims is most readily available here in the United States. *See* Pl.'s Opp, p. 34 & 37.   On Mr. Davydov's damages, his own testimony, as well as several family members and friends who witnessed his recovery and rehabilitation are most

conveniently available for all parties here.[2]  Let us not forget that in this awful

COVID-19 virus pandemic, Mr. Davydov and his witnesses may not even be able to

leave the U.S. for a foreign forum.  All parties have to adjust their strategy to this

reality.  Therefore, the private interest factors weigh heavily in favor of keeping this

case in the United States.

      **c.**   **Defendant's Reply Raises New and Distinguishable Case Law that**

           **Does Not Support Their Arguments Concerning How Article**

           **33(2) of the Montreal Convention Impacts Personal Jurisdiction,**

           **or the Applicability of _Forum Non Conveniens_**

Defendant SAS cites new unreported cases for the first time in its Reply that

are clearly distinguishable from the facts of this case.  Defendant attempts to bolster

its position by referring to cases that involve parties who are either not covered by

MC99, or whose cases did not involve Article 33(2).[3]  *See, e.g.*, *Tucker v. British*

*Airways PLC*, No. 2:16 Civ. 00618 (RAJ), 2017 WL 6389302 (W.D. Wash. Dec. 14,

---

[2] Defendant's attempts in their Reply to claim that "in-depth testimony" from
Plaintiff's treating physician in Estonia or potentially other Estonian medical
providers are similarly unavailing. *See* Def.'s Reply, p. 14.  Plaintiff has already
made clear that the testimony of these individuals can be taken via video conference
if necessary, and the same or similar arrangements would need to be made if these
claims were dismissed for re-filing in Sweden, where none of the medical providers
are located.

[3] Article 1 of the MC99 states that the convention "applies to all international
carriage of persons, baggage or cargo performed by aircraft for reward."  Article 17
makes specifically "*the carrier* . . . liable for damage sustained in the case of death
or bodily injury of a passenger . . . ." (emphasis added).

2017) (concerning a motion to dismiss a wheelchair service provider, not the air carrier, British Airways).  Any jurisdiction comments from such cases are, at best, dicta.  Other unreported cases do not bind this Court.[4]

Cases cited by SAS in support of applying *forum non conveniens* to cases brought pursuant to Article 33(2) similarly miss the mark. *See* Def.'s Reply, p. 8-9. In none of the cases cited could passengers rely on Article 33(2) to bring their cases in the United States. *See, e.g.*, *Khan v. Delta Airlines, Inc.*, No. 10 Civ. 2080 (BMC), 2010 WL 3210717 (E.D.N.Y. Aug. 12. 2010) (case brought by *Canadian* citizen and resident); *Seales v. Panamanian Aviation Co. Ltd.*, No. 07-CV-2901 (CPS) (CLP), 2009 WL 395821, at *10 (E.D.N.Y. Feb. 18, 2009) (plaintiff failed to demonstrate his "principal and permanent residence" was the United States, so no jurisdiction for MC99 claims; only non-MC99 claims dismissed on grounds of *forum non conveniens*); *Bintu v. Delta Airlines, Inc.*, No. 1:19-cv-04775-SDG, 2020 WL

---

[4] SAS's reliance on *Cordice v. LIAT Airlines*, No. 14 Civ. 2924 (RRM) (LB), 2015 WL 5579868 (E.D.N.Y. Sept. 22, 2015), for the mistaken proposition that Warsaw Convention case law remains applicable to cases brought pursuant to MC99's new Article 33(2) is also misplaced.  The plaintiff in *Cordice* was a *pro se* litigant who did not properly or clearly plead the jurisdictional basis of her case, and whose flight originated from a country that was only a party to the Warsaw Convention, not the MC99. *Id.* at * 1, n. 2 (discussing parties to Warsaw Convention, formally known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in note following 49 U.S.C. § 40105 (1997)).  Therefore, the *Cordice* case did not concern Article 33(2) and whether Warsaw Convention case law was relevant to resolving that case is irrelevant to whether such cases can inform decisions in cases brought pursuant to Article 33(2) like Mr. Davydov's.

3404925 (N.D. Ga. June 12, 2020) (German resident's claims pursuant Article 33(1)
dismissed for *forum non conveniens*).  None of these cases support applying the
doctrine of *forum non conveniens* to cases brought in a passenger's principal and
permanent residence pursuant to Article 33(2).

Defendant has simply failed to satisfy the heavy burden required to secure a
*forum non conveniens* dismissal.

Mr. Davydov is an American citizen who MC99 Article 33(2) was designed
to protect. *See* Pl.'s Opp., p. 24-26.  SAS should not be allowed to displace the
United States resident's choice of forum. *See* Pl.'s Opp., p. 27-31.

## <u>CONCLUSION</u>

For all of the foregoing reasons, and the reasons previously set forth in
Plaintiff's Opposition of June 1, 2020, Plaintiff Anatoly Davydov respectfully
submits that Defendant's Motion to Dismiss pursuant to Rule 12(b)(2) and the
doctrine of *forum non conveniens* must be DENIED.

Dated:        July 6, 2020

                              KREINDLER & KREINDLER LLP

                              By   /s/ Marc S. Moller          
                                     Marc S. Moller
                                     mmoller@kreindler.com
                                   Vincent C. Lesch III
                                   vlesch@kreindler.com
                                   750 Third Avenue
                                   New York, NY  10017
                                   (212) 687-8181 (Phone)
                                   (212) 972-9432 (Fax)

*Attorneys for Plaintiff*
*Anatoly Davydov*