**CLOSING**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |
|---|---|

October 5, 2020

<u>VIA ECF</u>

**<u>LETTER ORDER</u>**

  Re: **Anatoly Davydov v. Scandinavian Airlines System,
    <u>Civil Action No. 19-17628</u>**

Dear Litigants:

  Before the Court is Defendant Scandinavian Airlines System's ("SAS") Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), ECF No. 14. Plaintiff Anatoly Davydov ("Plaintiff") opposes the Motion. ECF No. 20. For the reasons explained below, the Motion is **GRANTED**.

**I. BACKGROUND[1]**

  This matter arises out of injuries Plaintiff sustained while disembarking a flight operated by SAS in Tallinn, Estonia. <u>See generally</u> Compl. Plaintiff is a United States citizen and resident of Florida. Compl. ¶ 2; Moller Decl. ¶ 4. SAS is a consortium existing under the laws of Denmark, Norway, and Sweden, with its headquarters in Sweden. Schroder Decl. ¶¶ 3, 14. SAS is not registered to do business in the United States, pays no taxes in the United States, and maintains no offices, real property, or employees in the United States. <u>Id.</u> ¶¶ 15-18. SAS does, however, operate regularly scheduled flights to and from New Jersey and conduct related business operations at Newark Liberty International Airport. <u>Id.</u> ¶ 19; Moller Decl. ¶¶ 15-18.

  On February 13, 2019, Plaintiff was a passenger on SAS Flight SK1748 from Stockholm Arlanda Airport in Stockholm, Sweden to Lennary Meri Tallinn Airport in Tallinn, Estonia (the "Flight"). Compl. ¶ 11. SAS's records show that Plaintiff purchased his ticket for the Flight through a Ukrainian travel agency and paid for the ticket using Ukrainian currency. Schroder Decl. ¶ 12. Plaintiff's travel on February 13, 2019 did not involve any stops in the United States. <u>Id.</u> ¶ 11.

  Plaintiff alleges that he suffered injuries while using an unstable staircase to disembark the Flight in Estonia. Compl. ¶¶ 15-24. On September 4, 2019, Plaintiff filed a one-count complaint

---

[1] These facts are drawn from Plaintiff's Complaint, ECF No. 1, the Declaration of Ole Schroder submitted in support of the Motion ("Schroder Decl."), ECF No. 14.3, and the Declaration of Marc S. Moller submitted in opposition to the Motion ("Moller Decl."), ECF No. 20.1.

seeking to hold SAS liable for his injuries under Article 17 of the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 (the "Montreal Convention"), id. ¶¶ 25-27, which "governs the international carriage of passengers, baggage, and cargo," Delta Air Lines, Inc. v. Chimet, S.p.A., 619 F.3d 288, 292 (3d Cir. 2010).

## II.   LEGAL STANDARD

To survive a Rule 12(b)(2) motion to dismiss, Plaintiff bears "the burden of demonstrating facts that establish[ ] personal jurisdiction" over SAS. Fatouros v. Lambrakis, 627 F. App'x 84, 86-87 (3d Cir. 2015) (citation omitted). "[I]n determining whether personal jurisdiction exists, the Court looks beyond the pleadings to all relevant evidence and construes all disputed facts in favor of the plaintiff." MaxLite, Inc. v. ATG Elecs., Inc., 193 F. Supp. 3d 371, 382 (D.N.J. 2016). Plaintiff may not rely on "the bare pleadings alone," but instead must establish its "jurisdictional facts through sworn affidavits or other competent evidence." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 101 n.6 (3d Cir. 2004) (citation and quotation marks omitted). If Plaintiff presents a prima facie case of personal jurisdiction, then SAS must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1226 (3d Cir. 1992) (citation and quotation marks omitted).

## III.   ANALYSIS

Plaintiff argues that Article 33(2) of the Montreal Convention, the treaty's jurisdictional provision, provides this Court with personal jurisdiction over SAS. See Pl. Opp. at 5-17. SAS counters that Article 33(2) creates subject matter jurisdiction, but not personal jurisdiction, Def. Mem. at 14-17, ECF No. 14.1, and contends that SAS otherwise lacks the necessary New Jersey contacts to subject it to this Court's jurisdiction, id. at 2-14. The Court agrees with SAS.

### A.   Article 33(2) of the Montreal Convention

The Court will first examine the Montreal Convention's effect on the Court's personal jurisdiction. Relevant here, the Montreal Convention permits a passenger injured on an international flight to bring a civil action against a carrier in a court of "the territory of a State Party in which at the time of the accident the passenger has his or her principal and permanent residence." Montreal Convention Art. 33(2).

The Third Circuit has yet to interpret the scope of Article 33(2). Other courts, however, "have consistently concluded that the Montreal Convention affords subject matter jurisdiction, not personal jurisdiction." Royal & Sun All. Ins. PLC v. UPS Supply Chain Sols., Inc., No. 16- 9791, 2018 WL 1888483, at *3 (S.D.N.Y. Apr. 5, 2018) (emphasis in original); see also, e.g., Bandurin v. Aeroflot Russian Airlines, No. 19-255, 2020 WL 362781, at *5 (N.D. Ill. Jan. 22, 2020) ("[Article 33] confers subject-matter jurisdiction, not personal jurisdiction."); Tucker v. British Airways PLC, No. 16-618, 2017 WL 6389302, at *3 (W.D. Wash. Dec. 14, 2017) ("[T]he Montreal Convention establishes subject matter jurisdiction; it does not confer personal jurisdiction."); Avalon Techs., Inc. v. EMO-Trans, Inc., No. 14-14731, 2015 WL 1952287, at *5 (E.D. Mich. Apr. 29, 2015) ("The consensus appears to be that Article 33 confers jurisdiction on the courts of a nation-state, rather than a particular court within that nation-state."). Courts in this District have also held that a similar jurisdictional provision in the Warsaw Convention—the Montreal Convention's direct predecessor—"does not determine the existence of personal jurisdiction or

2

venue; instead these are determined under domestic law." Bobian v. CSA Czech Airlines, 222 F. Supp. 2d 598, 603 (D.N.J. 2002) (citation omitted); see also Romero v. Argentinas, 834 F. Supp. 673, 677-78 (D.N.J. 1993) (collecting cases and holding that the Warsaw Convention "can only confer subject matter jurisdiction over a matter upon the courts of the United States as a whole" and "does not determine the existence of personal jurisdiction . . . in any particular Federal court").[2]

Plaintiff's reliance on Erwin-Simpson v. Airasia Berhad for the proposition that Article 33(2) "was undoubtedly designed to sweep broadly" is misguided. 375 F. Supp. 3d 8, 16 (D.D.C. 2019). Consistent with the above cases, the Erwin-Simpson court analyzed Article 33(2) solely in the context of subject matter jurisdiction. Id. at 13-19. Moreover, the court held that even if it had Article 33 subject matter jurisdiction, it lacked personal jurisdiction over the defendant carrier. Id. at 19-21.

The Court finds the reasoning of the above precedents persuasive and concludes that Article 33(2) does not provide for personal jurisdiction over SAS in New Jersey.[3]

### B. Specific Jurisdiction

Having determined that the Montreal Convention does not supply personal jurisdiction, the Court must next decide whether the exercise of jurisdiction over SAS is otherwise proper.

Plaintiff bears the burden of proving that personal jurisdiction is proper by a preponderance of the evidence. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998). Personal jurisdiction may be either general or specific. O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007). As Plaintiff does not contend the Court has general jurisdiction over SAS, Pl. Opp. at 20, the Court addresses only specific jurisdiction. Specific jurisdiction is established "when a non-resident defendant has 'purposefully directed' his activities at a resident of the forum

---

[2] "The Montreal Convention supersedes and replaces the earlier Warsaw Convention, is largely substantively unchanged from its predecessor treaty, and is interpreted using case law construing the Warsaw Convention." Lee v. AMR Corp., No. 15-2666, 2015 WL 3797330, at *2 (E.D. Pa. June 18, 2015) (citing Buckwalter v. U.S. Airways, No. 12-2586, 2014 WL 116264, at *2 (E.D. Pa. Jan. 13, 2014)). As Plaintiff correctly notes, the Warsaw Convention did not provide for jurisdiction based on a passenger's country of residence. See generally Romero v. Argentinas, 834 F. Supp. 673, 677 (D.N.J. 1993). Plaintiff argues that this fact renders precedent interpreting the Warsaw Convention's jurisdictional provision obsolete, Pl. Opp. at 5, and relies on a series of legislative documents interpreting the Montreal Convention to argue that the new language in Article 33(2) "necessarily embraces both subject matter and personal jurisdiction." Id. at 11-14.

None of the materials cited by Plaintiff, however, established that Article 33 is meant to confer personal jurisdiction in the courts of individual states. For example, President Clinton's Letter of Submittal forwarding the Montreal Convention to the United States Senate included an analysis of the treaty, which provides that "Article 33(2) . . . allows cases involving the death or injury of a passenger to be brought in the country of the passenger's principal and permanent residence" and ensures "access to U.S. courts." S. Treaty Doc No. 106-45, at XI-XII (emphasis added). Neither the Letter of Submittal nor the other materials relied on by Plaintiff mention personal jurisdiction, despite the established body of case law concluding that the Warsaw Convention did not provide an independent basis for personal jurisdiction. See Pl. Opp. at 11-14. To the contrary "[t]he negotiators intended that the Montreal Convention preserve the 'the large body of judicial precedents' related to the Warsaw Convention." Constantino v. Cont'l Airlines, Inc., No. 13-1770, 2014 WL 2587526, at *1 (D.N.J. June 9, 2014) (citation omitted).

[3] Even if Article 33 could vest personal jurisdiction over an airline in a particular state's court, Plaintiff has not adequately explained why jurisdiction would be proper in New Jersey rather than Florida, his state of "principal and permanent residence." Montreal Convention Art. 33(2).

3

and the injury arises from or is related to those activities." General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001).

Plaintiff contends that SAS purposely availed itself of New Jersey by (1) conducting regularly scheduled flights and related business operations from Newark Liberty International Airport, see Moller Decl. ¶¶ 15, 18, and (2) publicly advertising its "renovated lounge" at Newark Airport through a July 7, 2017 article in Business Traveller, id. at 16 & Ex. 9.[4] The Court need not determine whether this conduct establishes that SAS "purposefully directed [its] activities," at New Jersey, however, because it is clear that Plaintiff's alleged injuries do not "arise out of" or "relate to" any of these contacts. See O'Connor, 496 F.3d at 317; see also Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty., 137 S. Ct. 1773, 1781 (2017) (explaining that a court must find "a connection between the forum and the specific claims at issue" to exercise specific jurisdiction).

Indeed, it appears that Plaintiff's interactions with SAS as it pertains to this action occurred entirely overseas. Plaintiff's ticket for the Flight was purchased by a Ukrainian travel agency using Ukrainian currency. Schroder Decl. ¶¶ 12. The Flight carried Plaintiff from Sweden to Estonia, where he suffered his alleged injuries, Compl. ¶¶ 11, 15-24, and Plaintiff does not suggest he traveled to or from the United States on a flight operated by SAS. Plaintiff, a Florida resident, also does not represent that he purchased tickets for the Flight from New Jersey—or from anywhere else in the United States.[5] Finally, Plaintiff does not allege that he relied upon the Business Traveller article or was even aware of SAS's presence in New Jersey before booking passage on the Flight.

Plaintiff raises two arguments to circumvent this apparent lack of connection to New Jersey. First, Plaintiff contends that his claim "relates to" SAS's operations in Newark Airport "by reason of [Montreal Convention] Article 33(2)." Pl. Opp. at 21. Second, Plaintiff argues that SAS consented to personal jurisdiction because its "Conditions of Carriage" incorporate Article 33(2) and create a forum selection clause enforceable by Plaintiff. Id. at 14-16. Each of these arguments is unavailing in light of the Court's determination that Article 33(2) does not provide personal jurisdiction. See Section III.A., supra. The mere existence of the Montreal Convention cannot short-circuit the specific jurisdiction analysis and establish constitutionally sufficient

---

[4] The Complaint alleges that SAS conducts business in the United States under the name Scandinavian Airlines of North America, Inc. ("SANA"). Compl. ¶ 3. SANA is a legally distinct subsidiary of SAS with headquarters in New Jersey. See Schroder Decl. ¶¶ 13, 20, 22. However, the Complaint does not purport to sue SANA as a separate defendant, see Compl., and Plaintiff does not rely on SANA's contacts with New Jersey to establish personal jurisdiction over SAS, see Pl. Opp. at 23 n.20 ("SAS standing alone has the necessary 'specific jurisdiction' contacts relating to the U.S. and New Jersey without regard to [SANA].").

Regardless, Plaintiff has not offered any facts concerning the relationship between SAS and SANA that would permit this Court to assess whether to impute SANA's jurisdictional contacts to SAS. See generally High 5 Games, LLC v. Marks, No. 13-7161, 2019 WL 3761114, at *7 (D.N.J. Aug. 9, 2019) (discussing factors relevant to the exercise of specific jurisdiction over a parent based on the contacts of its subsidiary).

[5] For this reason, Plaintiff's reliance on Selke v. Germanwings GmbH is misplaced. See Pl. Opp. at 22 (citing 261 F. Supp. 3d 645 (E.D. Va. 2017)). In Selke, the court found specific jurisdiction over a foreign carrier for injuries suffered in France because the carrier purposefully sold tickets for the subject flight to Virginia residents, including Plaintiff, through the website of an agent expressly authorized to sell its tickets in Virginia. Selke, 261 F. Supp. 3d at 653-58. By contrast, a Florida resident's purchase of tickets through a foreign travel agent bears no relationship whatsoever to New Jersey.

contacts in all U.S. courts.  See, e.g., Royal & Sun All. Ins., 2018 WL 1888483, at *3.  Similarly, the Conditions of Carriage demonstrate—at most—that SAS consented to subject matter jurisdiction where authorized by the Montreal Convention.[6]

As Plaintiff's injuries are wholly unrelated to SAS's New Jersey contacts, the Court lacks specific jurisdiction over SAS.  See, e.g., Cohen v. Starbucks Corp., No. 19-2062, 2019 WL 2591164, at *4 (D.N.J. June 25, 2019) (rejecting personal jurisdiction where plaintiff did not identify which of defendant's activities in New Jersey "form[ed] the basis of her claims").  The Court therefore does not reach Defendant's alternative request to dismiss the Complaint based on forum non conveniens.  Def Mem. at 18-37.

## IV.  CONCLUSION

For the reasons stated above, Defendants Motion to Dismiss the Complaint, ECF No. 14 is **GRANTED**.

                                          **SO ORDERED.**

                                          */s Madeline Cox Arleo*_____
                                          **MADELINE COX ARLEO**
                                          **UNITED STATES DISTRICT JUDGE**

---

[6] In a footnote, Plaintiff briefly refers to Federal Rule of Civil Procedure (4)(k)(2), which permits the exercise of personal jurisdiction over a foreign defendant where "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."  Fed. R. Civ. P. 4(k)(2); see Pl. Opp. at 21 n. 19.  To invoke Rule (4)(k)(2), a plaintiff must affirmatively demonstrate that each of these elements is satisfied.  Smith v. S&S Dundalk Eng'g Works, Ltd., 139 F. Supp. 2d 610, 621-22 (D.N.J. 2001).  Plaintiff has made no attempt to show that SAS is not subject to jurisdiction in any state and, as discussed above, has pointed to no facts suggesting a connection between his injuries and SAS's United States contacts.  See BP Chemicals Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000) (holding that specific jurisdiction under Rule 4(k)(2) is appropriate only where alleged injuries "arise out of or relate[] to" a defendant's United States contacts).  The Court therefore declines to exercise jurisdiction under Rule 4(k)(2).